King, J.
Joseph Grasser brought an action in the court of common pleas of this county and recovered a judgment for the sum of $833.71 against the city, and this proceeding is to reverse that judgment, for errors assigned in the admission of testimony offered by the plaintiff below and admitted by the court, and for errors assigned in the charge of the court and in giving the requests asked by the plaintiff below.
*521 The plaintiff claimed in his petition that he owned a lot on the corner of Ottawa and Lafayette streets, in Toledo, on which was constructed at the time named a brick building two stories high, and with itd two outside walls running along upon the lines of Ottawa and Lafayette streets, respectively, and that Lafayette street crossed Swan creek about ninety feet from Ottawa street; that the plaintiff’s lot extended back from Ottawa street a distance of ninety feet, which would bring it, according to the photographs given, to the bank of Swan creek; that the city of Toledo had constructed across Swan creek, upon Lafayette street, a bridge somewhat higher than the ordinary level of the territory at that point, and had filled in the street between the abutment of the bridge and the side of the creek next to the plaintiff’s property and Ottawa street; that the filling of that lot had not been of proper material, but that it had been filled in with brick and stones, and sticks, and timber; and that sometime in the year 1888, the city, in pursuance of legislation, improved Ottawa street by paving it with stone sixty-three to forty-three feet in width at different places, and had stone sidewalks laid; that at the intersection of Ottawa street and Lafayette street, for the purpose of draining Ottawa street from Clayton street to Ottawa, and Ottawa street from Broadway to Lafayette, and taking off the surface water that ran over this pavement, it had constructed catch basins and an inlet upon either side of Ottawa street, and connected these catch basins or inlets with a sewer running from Ottawa to the center of Lafayette street to Swan creek, and conducted the water from that place through a fifteen-inch sewer pipe; that the sewer pipe was placed beneath the surface about eight feet, and was constructed across Ottawa street, down the center of Lafayette street, and under the same from Ottawa street to and through the abutment of the bridge before described; that near the said abutment of the bridge the defendant constructed at *522 the same time a catch basin or manhole, from which the condition of the sewer could have been easily ascertained if the proper attention had been given; that at the time of the construction and improvement of the property by him this property was in good repair and condition for business purposes, and the walls and foundations were in proper condition and adequately supported, and protected the building, and would probably have remained so for many years, had it not been for defendant’s want of care and negligence; that the building was of great rental value to the plaintiff, and that he did rent it for a profitable rental; that it was the duty of the defendant to keep said abutment and drain in proper condition, and said sewer pipe free from obstruction, so as to carry off water. That shortly after the completion of the said improvement, in neglect of its duty, the defendant allowed the said sewer pipe to become out of repair and broken and clogged up, and choked, so that the water rushed out of sáid pipe some few feet before it reached the abutment of said bridge; that thereupon the abutment at once settled and bulged out into and orer the stream, and away from the line upon which it was constructed, and the earth near the abutment began to and did settle down upon it and further to press out and bulge the same; that as the result of this bulging out and settling of the earth and other causes, the sewer and drain pipe became more out of repair, and broken at or near the point where the same entered the catch basin heretofore described; that the water accumulated in these streets and elsewhere, and ran through this sewer pipe until it reached this break, instead of being discharged into the creek where it was designed to go; ran over through the side, and directly through the street into the foundation of the plaintiff’s building, whereby the walls became cracked and broken, and failed to perform the duty that they were constructed to perform, and in general terms, alleging in the petition that *523 it amounted to a destruction of a portion of the walls of this building. It is set out in the petition with great detail, but that,in substance, was the complaint he made, that the city had constructed the sewer; that either by its negligence in the construction of the street, or by failing to examine and inspect it, as it ought, allowed it to become out of repair, whereby the water which should have fallen into the creek had turned off to one side and gone into the basement of plaintiff’s building, and destroyed the walls thereof, whereby it was necessary to repair them.
These allegations of negligence are denied in the answer, and it is averred that the city had no notice or knowledge of any of said defects,if they existed, and that any injury sustained by the plaintiff was occasioned by the plaintiff’s own negligence.
There was no reply to this. Probably none was necessary, as the principal question in issue was raised fairly ■ by the petition and the answer.
On the trial of the case it appeared in evidence that Grasser at a certain time had employed a man to take down the walls of his building, and rebuild it from the foundation up to the second story, or second floor; that is, a portion of the walls that were abutting on Lafayette street, and the rear wall next to the creek. And one of the questions involved in the case, assuming the negligence of the city to have been proved, was the damage that had been sustained by the plaintiff below on account of this injury to' his building; and the plaintiff called a witness by the name of Kissinger, for the purpose of showing the amount of damage, and asked that witness this question:
" “From your experience and observation,what do you say was the value of the work and labor done and material furnished in the taking down and putting back of that.building in its former condition?’’
*524 There was some discussion back and forth between the counsel and the court about that question, but it was modified to include what it would be reasonably worth. The stenographer made this notation: “This addition was made, to-wit: “What do you say it would be reasonably worth?” So that the question would read: “What do you say it would be reasonably worth, from your experience and observation, to perform the work and labor and furnish the material in the taking down and putting back that building as in its former condition?” The witness answered that it would be worth $1,200, Soon after this the plaintiff was called, and after testifying generally about the matters in controversy, he was asked this question:
“You may state, if you know, to what extent you were put to expense — suffered damage and put to expense — for the repair of this building, as the result of these cracks in it?” (Objected to; overruled; defendant excepted). A. Well, $1,038.”
There were one or two other questions relating to the same subject; and on cross-examination he repeated the fact that hé paid out $1,033 to rebuild these walls.
That is all the evidence there is in the record as to the damages sustained by the plaintiff. All those questions are objected to, and exceptions taken to the ruling of the court. So that it fairly appears that all the evidence that the plaintiff offered below in the trial of this case to show the damage to his building, and the injury which he had sustained in consequence of the negligence of the city in maintaining its sewer, was this, the reasonable worth of building these walls and putting these repairs' on the building; and the amount which he had actually paid for the rebuilding the walls as he did rebuild them. That was the effect of the evidence which was offered in the case. And it seems to the court that these questions were objectionable. They did not call the attention of the witnesses,nor did they *525 convey to the jury, any information upon the question which they were to try, which finally was, how much less valuable was the plaintiff’s property in consequence of the injuries to his building from the water that had flowed into it through this defective sewer? Of course,that would also be limited by the question of the knowledge of the city and the negligence of the city, affecting the amount which might be recovered against it. But that was the measure of damages to be considered by the jury and to be inquired of from the witnesses; or the difference between the value of the building in the condition that it was before it was injured from this water, and its value immediately after this injury had happened to it. That could have been gotten at in either one of those two ways. But it has been well Settled that the attention of witnesses must be drawn directly to the value of the property before and after the injury,and it becomes wholly a matter of opinion, to be governed by the experience and knowledge of such subjects as the witness can have.
This being the only evidence there was in the case, the court charged the jury upon the subject as follows:
“But for damages, if you find damages to have accrued to plaintiff as charged, from water carried and discharged against ornear to the building and premises of the plaintiff, to his injury, whatever injury he sustained by reason of that, not before, but after the city had notice,either express, or notice in fact, or was chargeable with notice by way of implication, as we have heretofore described — alter that, and after a sufficient time to enable the city to do its duty and make repairs, whatever damage after that time shall elapse, you shall find the plaintiff to have sustained to his building by reason of water coming through this sewer, for such an amount it would be your duty to return a verdict in favor of the plaintiff. And if you find a verdict in favor of plaintiff, gentlemen, you will find in such amount as in your judgment will compensate the plaintiff fully for the *526 damages which, by reason of the waters discharged from this sewer, after the city has had notice, and was chargeable with notice, and should have made repairs — for such damages, and such damages only, you may estimate a proper compensation to the plaintiff.”
That is excepted to. That in and of itself is not erroneous, although there is not a particle of evidence in this record upon which the jury could apply that charge, because there was no evidence of that kind of damage shown by the plaintiff. In-addition, at the request of plaintiff, the court gave certain charges, which were objected to and excepted to by the city. They are as follows:
”3. When a drain has been constructed by a city, it is its duty to keep the same in repair, and the city is liable for any damages caused by its neglect to do so.
“5. The whole duty of the city is not discharged by repairing breaks in such a drain of which it had actual notice. Beyond this it'must exercise reasonable care to prevent their occurrence, by reasonable inspection.
”6. If you find for the plaintiff, you must add interest upon the amount you find him to have been damaged, computing the same from the time the expense to correct the injuries was necessarily incurred by him.
“7. If you find that there were evidences that something was wrong in the street from the effects upon the street, the pier and the buildings, and that the same were caused by the breaks in the sewer, and that that condition continued long enough for the city, with ordinary diligence, to have found it out, it was the duty of the city to ascertain the cause of the effects without unnecessary delay, and if it failed to find such cause when it could have done so with reasonable diligence, and to correct the same, it failed to perform a duty imposed upon it by law; and if the plaintiff was injured by such failure, your verdict must be in his favor.”
To the third and fifth requests as given by the court there is no particular objection, although the whole duty of the city is not stated in those requests. The sixth is erroneous, for the reason that it authorizes the jury to find a particular *527 and substantial amount of damages, and to compute interest upon that amount, as a part of their verdict, and to compute it from the time when the expense to correct the injuries were necessarily incurred by the plaintiff. If interesáis proper in a case of this kind, the time that the court fixed from which it should be computed indicates clearly that the court had in its mind the same thing that it had in the admission of this testimony, to-wit: that the expense that the plaintiff had paid out for rebuilding these walls was the material thing which the jury should pass upon; and when he had paid out so much money, he had a right to bring his bill, and sue upon it to recover the money expended, which, as we have said, is not correct. We think it is not erroneous to say that interest may be included by the jury, but if included it should be on account of delay in paying 'the claim which was made by the plaintiff as a part of the damages, and not distinguishable separetely as interest. It should be considered by the jury in estimating the amount of damages which the plaintiff had sustained, but that it should be computed from the time when the plaintiff paid out this money is not true. If computed at all, it should be from the time the plaintiff had suffered the injury which caused the depreciation of the value of the property.
The seventh request includes a part only of the facts in issue, and says to the jury, if they find these facts to be true, they must find a verdict in favor of the plaintiff. That was erroneous, and clearly so, and misleading to the jury. They were told that if they found these things to be true that their verdict should be for the plaintiff. Of course there would be nothing left for them to do but to find for the plaintiff the amount of damages, based upon the erroneous evidence which had been admitted; the amount the plaintiff had expended in rebuilding the building, and without regard' to the condition in which it was placed, whether it was worth more or lessjthan^beforejjhfe water injured it.
J, H. Tyler, for City.
W. IT. A. Bead, for Defendant in Error.
For admitting that testimony, and giving the requests which were given by the court to the jury bearing upon the question of damages, and as to the right of the plaintiff to recover, we think this judgment should be reversed, and the case remanded to the court of common pleas for a new trial; and that will be the order.